IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JARED BALDWIN and
VICTORIA BALDWIN,

                Plaintiffs,

v.                                        CIVIL ACTION NO.   3:16-4841

WELLS FARGO FINANCIAL
NATIONAL BANK,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss the First Amended Complaint (ECF No. 25). Defendant argues that Counts II and III fail as a matter of law and should be dismissed for failure to state a claim under Federal Rule 12(b)(6). *See Def.'s Mem. in Supp.*, ECF No. 26. The Court agrees with Defendant that Plaintiffs cannot maintain a cause of action for Negligent Infliction of Emotional Distress in Count II, but the Court finds the other common law claims actionable at this stage of litigation. Therefore, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **Background**

According to Plaintiffs' complaint, Plaintiffs fell into arrears over an alleged debt owed to Defendant. *Pls.' First Am. Compl.*, ECF No. 22, at ¶ 5. Defendant called Plaintiffs to collect on the debt, allegedly making multiple calls per day. *Id.* at ¶¶ 5-6. Plaintiffs retained legal counsel on or around May 22, 2015. *Id.* at ¶ 7. During one of the phone calls, Plaintiffs allegedly alerted Defendant to their legal retainer and provided Defendant the contact information for the attorney.

*Id.* at ¶ 8. After this interaction, Defendant allegedly continued to call Plaintiffs "on an almost daily basis and often multiple times a day." *Id.* at ¶ 9.

Plaintiffs filed suit on April 21, 2016 in the Circuit Court of Cabell County. ECF No. 1-2. Defendant timely removed the case to federal court on May 27, 2016. ECF No. 1. Plaintiffs' first amended complaint includes three separate causes of action. The first alleges violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), specifically listing § 46A-2-128(e), § 46A-2-125, and § 46A-2-125(d). *Pls.' First Am. Compl.*, ECF No. 22, at ¶ 12. Plaintiffs claim that Defendant used "unfair or unconscionable means to collect a debt," engaged in "unreasonable, oppressive, or abusive conduct" by the number of phone calls placed, and called Plaintiffs "with the intent to annoy, abuse, or oppress." *Id.* The second cause of action alleges "Intentional and/or Negligent Infliction of Emotional Distress" (IIED or NIED). *Id.* at ¶¶ 15-17. Here, Plaintiffs allege that Defendant's conduct was egregious and extreme by Defendant making a large number of phone calls to Plaintiffs, contacting Plaintiffs after knowing about attorney representation, adopting policies that violated West Virginia law, and adopting policies that have the effect of causing consumers emotional distress. *Id.* at ¶ 15. Plaintiffs assert that they "have been annoyed, inconvenienced, harassed, bothered, upset, threatened, and were otherwise caused indignation and distress." *Id.* at ¶ 17. Plaintiffs' last cause of action is for Invasion of Privacy, alleging that Defendant's continuous calling invaded Plaintiffs' expectation of privacy. *Id.* at ¶ 20. As a result, Plaintiffs have suffered the same list of emotional distress. *Id.* at ¶ 22. For the three claims, Plaintiffs request actual and statutory damages, general and punitive damages, and attorneys' fees and costs.

**II.     Legal Standard**

Federal Rule 8(a) requires a complaint to include "a short and plain statement of the claim … showing entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must also be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

**III.    Discussion**

In its motion to dismiss, Defendant argues that the common law tort causes of action must be dismissed because they merely recite the same allegations contained within the claimed violations of the WVCCPA.  *See Def.'s Mem. in Supp.*, ECF No. 26, at 3.  Defendant requests this Court to dismiss Counts II and III based on the Supreme Court of Appeals of West Virginia's analysis in *Casillas v. Tuscarora Land Co.*, 412 S.E.2d 792 (W. Va. 1991).  In *Casillas*, the defendant asserted that the WVCCPA barred the allegations of common law negligence and fraud.  412 S.E.2d at 793.  The trial judge agreed and granted a directed verdict for the defendant.  *Id.* The state supreme court held that the WVCCPA "does not preclude claims brought at common law against assignees, holder, or lenders."  *Id.* at 795.  Rather, a plaintiff can make a separate common law tort claim against a defendant as long as the cause of action "exist[s] separate from the Act."  *Id.*

Courts in the Southern District of West Virginia have interpreted the *Casillas* holding to mean that a plaintiff must make a common law tort claim separate from the WVCCPA in the complaint.  *See Bailey v. Branch Banking & Tr. Co.*, Civ. No. 3:10-0969, 2011 WL 2517253, at *3 (S.D.W. Va. June 23, 2011) ("In *Casillas*, the court made it abundantly clear that a plaintiff may maintain both claims both under the WVCCPA and common law.").  This does not mean, however, that the causes of action must be based upon different facts.  In *Pemberton v. U.S. Bank*, District Judge Irene C. Berger reaffirmed *Casillas*'s requirement that common law claims must be separate from the WVCCPA claims but also determined that "a plaintiff's WVCCPA and common law claims can clearly be based on the same or similar facts."  Civ. No. 5:11-cv-00630, 2012 WL 37113, at *3 (S.D.W. Va. Jan. 5, 2012); *see also Bailey*, 2011 WL 2517253, at *3 ("Indeed, this Court appreciates that the factual predicate for both WVCCPA and common law claims involving

debt collection practices will likely be substantially similar in most cases."). The fact that the separate causes of action rely on the same factual allegations does not prevent both claims from being brought. "Neither the WVCCPA nor *Casillas* makes a consumer choose between the two" causes of action. *Bailey*, 2011 WL 2517253, at *3. "The words 'direct' and 'separate' [in *Casillas*] … merely mean[] the plaintiff must make 'direct' and 'separate' claims in the complaint." *Id.*

Therefore, this Court follows the line of cases from this district that analyze the alleged causes of action to determine whether they state a claim separate from the WVCCPA. This analysis does not preclude a common law claim if it involves the same underlying facts as a WVCCPA violation. Rather, this Court must determine whether the common law tort states a separate cause of action based on the factual allegations and elements required under each tort. *See, e.g.*, *Rabel v. Huntington Nat'l Bank*, Civ. No. 2:14-cv-25818, 2015 WL 3540660, at *15 (S.D.W. Va. June 4, 2015) (IIED claim failed to claim defendant's conduct as outrageous but invasion of privacy claim could be sustained); *Wrenn v. Bank of Am. Home Loans, LP*, Civ. No. 5:12-cv-01169, 2013 WL 369611, at *5-6 (S.D.W. Va. Jan. 30, 2013) (sustaining IIED and invasion of privacy claims but dismissing NIED for lack of factual allegations); *Blackburn v. Consumer Portfolio Servs., Inc.*, Civ. No. 2:11-cv-00401, 2012 WL 1679796, at *3 (S.D.W. Va. May 14, 2012) (finding no duty alleged to sustain claim for negligence but enough factual allegations to support IIED claim); *Nowlan v. JP Morgan Chase Bank, N.A.*, Civ. No. 2:11-cv-00404, 2012 WL 1029315, at *6 (S.D.W. Va. Mar. 26, 2012) (dismissing negligence claim for failing to allege special relationship to satisfy duty element); and *Daniels v. JP Morgan Chase & Co.*, Civ. No. 2:11-cv-00045, 2011 WL 2489938, at *3 (S.D.W. Va. June 21, 2011) (analyzing negligence elements separately from WVCCPA claim).

### a. Count II: Intentional Infliction of Emotional Distress

In West Virginia, the tort for IIED or outrage was first recognized in *Harless v. First National Bank in Fairmont*. 289 S.E.2d 692 (W. Va. 1982). A claim for IIED allows a plaintiff to recover damages "for emotional distress arising out of extreme and outrageous conduct intentionally or recklessly caused by the defendant." *Id.* at 703. A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency" for liability to be found. *Tanner v. Rite Aid of West Virginia, Inc.*, 461 S.E.2d 149, 157 (W. Va. 1995) (quoting Rest. (Second) of Torts § 46(1) Comment (d) (1965)). To allege a successful IIED claim, the plaintiff must establish four elements: (1) that the defendant's conduct was atrocious and intolerable; (2) "that the defendant acted with the intent to inflict emotional distress, or acted recklessly"; (3) that the plaintiff suffered emotional distress as a result; and (4) "that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." *Travis v. Alcon Lab., Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998).

Defendant argues that Plaintiffs' allegations for IIED merely "recite earlier allegations that [Defendant] violated various provisions of the WVCCPA." *Def.'s Mem. in Supp.*, ECF No. 26, at 3. The underlying factual allegations for IIED also form the basis for the WVCCPA claims, so Defendant asserts that the causes of action cannot be separated. However, as explained above, if the complaint alleges sufficient factual allegations to support an IIED claim, the Court will not dismiss the claim for relying on the same factual allegations as the WVCCPA claims. Here, Plaintiff alleges that Defendant acted egregiously by making a large number of phone calls to Plaintiff's home in violation of the WVCCPA, by continuing to contact Plaintiffs after being made aware of attorney representation in violation of the WVCCPA, and by adopting policies that allow for such conduct and have the effect of causing emotional distress. Plaintiffs also connect

Defendant's conduct to the severe emotional distress suffered by Plaintiffs, specifying that Plaintiffs were threatened by the phone calls.

The Court finds that Plaintiffs have sufficiently pleaded a claim for IIED. The complaint specifies that "a high volume of calls" were placed to Plaintiffs—even after Defendant was aware of attorney representation—and that Plaintiffs were threatened by such conduct. *See Pls.' First Am. Compl.*, ECF No. 22, at ¶¶ 15-17. Although an IIED's outrageous standard requires conduct "so severe that no reasonable person could be expected to endure it", Plaintiffs' complaint sufficiently pleads a plausible claim involving a high number of threatening phone calls. *Travis*, 504 S.E.2d at 425; *see also Snuffer v. Great Lakes Educ. Loan Servs., Inc.*, 97 F. Supp. 3d 827, 835 (S.D.W. Va. 2015) (allowing IIED claim to survive at motion to dismiss stage because factual allegations included calls involving threats and coercion); *Wrenn*, 2013 WL 369611, at *5 (finding IIED claim sufficiently pleaded); *but see Rabel*, 2015 WL 3540660, at *14 (dismissing IIED claim for mere annoyance and anger when conduct does not constitute outrageousness). Accepting the factual allegations as true, the Court finds that this complaint offers enough detail and factual support to state an IIED claim. Even though the Court will allow Plaintiffs to pursue their IIED claim past the motion to dismiss stage, Plaintiffs will have to meet the high standard for IIED by proving the outrageousness of Defendant's conduct and showing severe emotional distress through discovery. The Court, however, recognizes that Plaintiffs' complaint sufficiently pleads a plausible claim for IIED and, thus, **DENIES** Defendant's Motion to Dismiss for Count II in regards to IIED.

    b. **Count II: Negligent Infliction of Emotional Distress**

In West Virginia, damages for emotional distress are rarely given when claims allege that a defendant acted negligently and did not cause physical injury. *See Harless*, 289 S.E.2d at 702.

In *Heldreth v. Marrs*, the Supreme Court of Appeals of West Virginia analyzed the elements required for a bystander-based NIED claim: (1) "that a close marital or familial relationship exist[s] between the plaintiff and the victim"; (2) "that a plaintiff … is present at the scene of the injury-producing event at the time it occurs and is aware that it is causing injury to the victim"; (3) "that the emotional trauma alleged by a plaintiff must be the direct result of either the critical injury to or death of a person closely related to the plaintiff"; and (4) that the emotional distress experienced was serious and "reasonably could have been expected to befall the ordinarily reasonable person". 425 S.E.2d 157, 163-68 (W. Va. 1992). Physical injury is no longer a requirement to prove NIED, but the cause of action is limited to "conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety." *Brown v. City of Fairmont*, 655 S.E.2d 563, 569 (W. Va. 2007). Even with the limited expansion of the cause of action, NIED remains a "narrowly drawn" claim. *Cruse v. Frabrizio*, Civ. No. 3:13-18768, 2014 WL 3045412, at *12 (S.D.W. Va. July 2, 2014). Other recognized limited exceptions for NIED claims include exposure to disease and the "dead body exception," but neither of these exceptions are applicable to the instant case. *See Mays v. Marshall Univ. Bd. of Governors*, No. 14-0788, 2015 WL 6181508, *3 (W. Va. Oct. 20, 2015) (citing *Marlin v. Bill Rich Constr., Inc.*, 482 S.E.2d 620 (W. Va. 1996) and *Ricotilli v. Summersville Mem'l Hosp.*, 425 S.E.2d 629 (W. Va. 1992)).

Plaintiffs assert their NIED claim as an alternative to an IIED claim in Count II. However, Plaintiffs have not alleged sufficient facts to support a cognizable NIED claim. This case is based around debt collection practices and contains no allegations to support a bystander theory or any of the other limited NIED theories. The complaint's allegations, moreover, consist of intentional conduct rather than negligent conduct. *See Pls.' First Am. Compl.*, ECF No. 22, at ¶ 15 (alleging Defendant's intentional adoption of policies that violate state law and cause emotional distress).

None of the allegations support negligent conduct that caused subsequent emotional distress. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss in regards to Count II for NIED.

### c. Count III: Invasion of Privacy

Finally, a plaintiff can make a plausible claim for invasion of privacy in West Virginia through four different bases. Specifically, invasion of privacy claims may be asserted by: "(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in false light before the public." *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 85 (W. Va. 1984). The Court construes Plaintiffs' complaint to bring a claim under the unreasonable intrusion upon the seclusion of another as Plaintiffs challenge the amount of phone calls placed to collect the alleged debt. An "[u]nreasonable intrusion upon another's seclusion occurs when '[o]ne … intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, … if the intrusion would be highly offensive to a reasonable person.'" *Harbolt v. Steel of West Virginia, Inc.*, 640 F. Supp. 2d 803, 817 (S.D.W. Va. 2009) (quoting Rest. (Second) of Torts § 652B (1977)).

Defendant argues that Plaintiffs cannot maintain a claim for invasion of privacy separate from the WVCCPA. *Def.'s Mem. in Supp.*, ECF No. 26, at 4. Although Plaintiffs' complaint tracks some of the language of the statute, the factual allegations state a plausible claim for invasion of privacy on its own. *See Rabel*, 2015 WL 3540660, at *15 ("for purposes of the present motion, Plaintiff states a plausible invasion of privacy claim"); *Elkins v. Diversified Collection Servs., Inc.*, Civ. No. 5:13-cv-927, 2013 WL 3754830, at *7 (S.D.W. Va. July 15, 2013) (harassing and annoying phone calls sufficiently pleaded invasion of privacy claim); *Wrenn*, 2013 WL 369611, at *6 (approving invasion of privacy claim at motion to dismiss stage). The pleadings

specify that Defendant allegedly called Plaintiffs after learning of attorney representation with a large number of phone calls. Plaintiffs allegedly suffered emotional distress as a result, including feeling threatened and harassed. Accordingly, the Court finds that the pleadings for invasion of privacy survive the plausibility standards under a motion to dismiss, and, thus, the Court **DENIES** Defendant's Motion to Dismiss regarding Count III.

**IV. Conclusion**

Accordingly, the Court finds that Plaintiffs' common law claims of IIED and invasion of privacy in Counts II and III allege sufficient facts to form a separate claim from the WVCCPA. Plaintiffs' claim for NIED does not allege sufficient facts to state a plausible claim, and that claim within Count II shall be **DISMISSED**. Defendant's Motion to Dismiss (ECF No. 25), thus, is **GRANTED IN PART AND DENIED IN PART**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 5, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE